IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ABDUL OSMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-00837-CV-W-NKL |
| | ) | |
| KOFI ANNAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

Pending before the Court is pro se Plaintiff Abdul Osman's ("Osman") complaint [Doc. #1] and Motion for Default Judgment [Doc. #7] against former United Nations Secretary-General Kofi Annan ("Annan") for wrongful discharge.[1] The Court now dismisses Osman's complaint for lack of subject matter jurisdiction.

**I. Background**

On November 6, 2007, Osman filed a claim against Annan on the grounds that the U.N. Joint Disciplinary Committee erred in terminating his service for fabricating a false accusations against two U.N. employees working in the Congo where he was serving. According to the complaint, Osman was employed by the U.N. Mission in the Democratic Republic of Congo ("MONUC") as a contracts management officer located in Kinshasa,

---

[1] The Court liberally characterizes the claim as one for wrongful discharge - Osman does not specify whether his claim originates under state law, federal law, or both. Osman requests that the Court "rescind" the decision of the U.N. regarding his termination; make a finding of fact that the decision was erroneous; reinstate Osman to his position of service; order a letter of exoneration; and, award damages. (Compl. ¶ 8).

1

DRC.  After a full hearing by the U.N. Joint Disciplinary Committee, Osman was found to have falsely accused a U.N. spokesman of "pick[ing] up local females" and taking them to a hotel room.  He also accused a building maintenance service assistant of having an illicit sexual affair with a subordinate.  In both cases, the U.N. Joint Disciplinary Committee not only found the accusations groundless, but also that Osman had fabricated evidence and done so in retaliation for what he perceived as slights from both employees.  There is no evidence that Osman filed a formal appeal from the Secretary-General's decision within the U.N.'s internal dispute resolution system.

Osman filed a certificate of service purporting to reflect service on Annan through a service process agent in Kenya, where Annan now works.  Despite a statement in the service affidavit stating that Annan's secretary would not accept service, the Court assumes without deciding that service was sufficient under Fed. R. Civ. P. 4(f).  Annan has filed no response to two show cause orders dated April 3, 2008 and May 6, 2008.

## II.     Discussion

Under its treaty obligations, the U.S. must respect the applicable immunities of the U.N. and its officials. *See generally Tachiona v. United States,* 386 F.3d 205, 212 (2d Cir. 2004).  These immunities arise from the U.N. Charter and the Convention on Privileges and Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 1418 (the "General Convention"), both treaties to which the United States is a party.  *Brzak v. UN*, 2008 U.S. Dist. LEXIS 34969 (S.D.N.Y. Apr. 29, 2008).

The U.N. itself is absolutely immune from suit and legal process absent an express waiver. *Id*. There is no evidence that the U.N. has expressly waived its immunity with respect to this case. The General Convention also grants the Secretary-General and all Assistant Secretaries-General, "the privileges and immunities . . . accorded to diplomatic envoys, in accordance with international law." General Convention art. V, § 19. The privileges and immunities accorded to diplomatic envoys are specified in turn by the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227, 500 U.N.T.S. 95 ("VCDR"). Under the VCDR, diplomatic officials sued after leaving office continue to receive immunity "with respect to acts performed . . . in the exercise of [their] functions." *Id.* art. 39(2).

The General Convention also provides that U.N. officials generally, whether current or former, are immune from suit and legal process "in respect of words spoken or written and all acts performed by them in their official capacity." General Convention art. V, § 18(a). Under Article V § 19, of the General Convention, the Secretary-General and all high officials serving at the level of Assistant Secretary-General and above are granted the same "privileges and immunities, exemptions and facilities accorded to diplomatic envoys, in accordance with international law." General Convention § 19. As a result, Annan, as a former high official of the U.N, is subject to the immunity provisions accorded to diplomatic envoys under the VCDR, and thereby enjoys continuing immunity "with respect to acts performed . . . in the exercise of [their] functions." *See* VCDR Art. 31, 39.

Annan also enjoys the protections afforded by the Diplomatic Relations Act, which requires dismissal of any case where immunity is conferred by the VCDR, and thereby enjoyd continuing immunity "with respect to acts performed . . . in the exercise of [his] functions." *See* 22 U.S.C.A. § 254d.

Courts have consistently found that functional immunity applies to employment-related suits against officials of international organizations. *See, e.g., De Luca v. U.N.,* 841 F. Supp. 531, 536 (S.D.N.Y. 1994) (holding officials immune against claims that they, among other things, initiated a retaliatory tax audit and forged plaintiff's pay statement); *Broadbent v. OAS,* 628 F.2d 27, 34 (D.C. Cir. 1980) ("International officials should be as free as possible, within the mandate granted by the member states, to perform their duties free from the peculiarities of national politics."); *D'Cruz v. Annan,* 2005 U.S. Dist. LEXIS 35589, 2005 WL 3527153 (S.D.N.Y. December 22, 2005) (holding that current and former U.N. officials are immune under the General Convention and IOIA from employment discrimination and retaliation claims).

If district courts had jurisdiction to hear actions like Osman's, which do not even show that he proceeded through the U.N.'s internal appeal process, routine allegations of wrongful conduct or improper motive would defeat diplomatic immunity, and the protection Congress intended for international organizations and their officials would be thwarted. *See Donald v. Orfila,* 252 U.S. App. D.C. 134, 788 F.2d 36, 37 (D.C. Cir. 1986).

**III. Conclusion**

4

Because this Court lacks subject matter jurisdiction, Osman's Motion for Default Judgment [Doc. #7] is denied and his complaint [Doc. #1] is dismissed.

        s/ NANETTE K. LAUGHREY
        NANETTE K. LAUGHREY
        United States District Judge

Dated: June 16, 2008
Kansas City, Missouri